### The People *vs.* Charles Hettick.  *Grand Larceny.*

#### *Motion of Adjournment.*

In *suspicious* cases, where an affidavit is made in the usual form, of the absence of a material witness, the Court will direct the counsel for the prisoner to join in a commission with the District Attorney to take the testimony of such abs'nt witness and will ellow a reasonable time for the execution of the commission : but if he does not choose to join in such commission, they will compel him to show his absent witness is material.

(*a*) See the case of Catharine Foot, supra, page.

PRICE appeared before the court in behalf of the prisoner, and read an affidavit to put off the trial to the next term.

The facts of the case are these : Dr. Carmichael, a gentleman of fortune, who lives in the city of Natchez, came on to the northern states to spend the summer. He had been to the springs at Saratoga, and was coming to New York, on his return home, in the steamboat with Hettick, and a great number of passengers, when the felony (*a*) was committed, charged upon the prisoner. The trunk in which the property was secured, contained near three thousand dollars in cash, besides other valuables, altogether amounting to near four thousand dollars.

The trunk was taken between 10 and 11 o'clock in the evening, out of a great number of trunks and baggage on board the boat, usually stowed away upon deck : at dusk the doctor observed his trunk about half way out from the heap of baggage that lay upon the deck. He was curious to know how it came in that situation, and kept his eye upon it occasionally, through the evening. At 11 o'clock, it being very dark, he took a candle to see that it was safe, but could not find it, it had been taken, and the trunk and contents, after securing the money, it is supposed were thrown overboard.

On the arrival of the boat at New York, Dr. Carmichael went to Washington Hall, and informed his friends

of his loss ; here again he met the prisoner, who appeared particularly friendly to him, offering the use of his wardrobe, &c. proffering him his services in any way for his comfort ; but "too much honey made the pie bitter ;" his incessant offers of services excited suspicion ; besides, the friends of the doctor; whose opinion of the prisoner was by no means as favorable as his own, suspected Hettick to be the robber. Measures were immediately taken, and plans laid to detect the prisoner, at the exchange offices, and places of prostitution, which it was ascertained he frequented ; but before this was effected, Mr. Rapelye, a clerk in the police office, arrested him, and upon examination, fifteen hundred dollars in bank bills, some of which were identified by Dr. Carmichael, were found upon him. He was committed, and was this day brought out for trial.

The affidavit of the prisoner was in the usual form, and stated that Messrs. Walton and Weeks, lumber merchants in Philadelphia, were material witnesses for him, and that he could not safely go to trial without the benefit of their testimony, &c. without stating what facts they would be expected to prove.

*Maxwell, District Attorney*, and *David B. Ogden*, for the prosecution, contended that the allegation set forth in the affidavit, was groundless, as might be seen from the circumstances of the case. The witnesses mentioned as material, live in another state : the robbery was committed in the interior of New York ; they were more than one hundred and fifty miles distant at the time and place of the felony. The affidavit was got up merely for delay and to circumvent the means of justice ; for it was known the prosecutor was obliged to leave the city for Natchez, before the next term ; the prisoner, it was plain, intended to take advantage of his absence, and finally, that in the most favourable view of it, it was a suspicious case. The

NEW-YORK, cases reported in the books, clearly and conclusively show-
Sept. 1822. ed that the English authorities were, that in suspicious
The People cases the court required the party to show his absent wit-
vs. nesses were material ; to state the facts in the affidavit he
Chas. Hettick
expected to prove by them, and cited East vol. viii. p. 34.

*Price* in reply, contended that there was nothing in this
case that took it out of the cases to which the general
rule applied ; that rule was, that an averment, that the ab-
sent witness was material, and that due dilligence had been
used to procure his attendance, was always deemed suffi-
cient, without showing how he is material ; and cited the
case of Amos Board, reported in the City Hall Recorder,
vol. iv. p. 7.

The court refused the motion, but gave time to the pris-
oner's counsel to join in a commission to Philadelphia,
by consent of the district attorney, to obtain the testimony
of the witnesses named in the affidavit, to be read upon
his trial ; and further stated that if the counsel for the pris-
oner did not choose to comply with the recommendation ·
of the court, and a subsequent application was made for
the postponement of the cause, he would be compelled to
show the facts such witness was expected to prove.

*Price* again moved the court, being the last day of the
term, for a postponement of the case to the next term.

He offered an affidavit he had received from Mr. Wal-
ton, sworn to before Mr. Barker, and alderman of the city
of Philadelphia. The District Attorney objected, and said
he might have joined in a commission, since the last mo-
tion : it might have been executed and returned : it was
clearly irregular to read affidavits obtained in this exparte
and informal manner.

*Price* finding the members of the court against an ad-
journment, handed the clerk a writ of certiorari.

NOTE.—Let the depravity of the criminal be ever so great, and the fact of his guilt ever so apparent, he may, by offering the court sufficient reasons, obtain a postponement of his trial. But it is due to him *ex gratia*, and not of right.

NEW YORK, Sept. 1822.

The People
*vs.*
Chas. Hettick

1. If by publication of the circumstances of the case, the public mind has been improperly influenced, 1 Burr. 510, 511.

2. Where a person charged, consents to become a witness, and fully and fairly discloses the guilt of his associates. In such case, if he is prosecuted at all, the court will postpone the case, to give him time to apply for a pardon, &c. Cow. 339, 340.

3. Where a witness, whose evidence is material to the trial; has no sense of the obligation of an oath. The case will be adjourned and the witness instructed in the principles of moral duty. 1 Leach Cas. 430. n. a.

4. Where the counsel of the prisoner is unable to attend, through sickness. Say. Rep. 63.

5. By an affidavit of the absence of a material witness. Foster, 2.

The trial will not be postponed.

1. If the witness was present when notice of trial was given. Barnes, 442.

2. Where the witness resides in a foreign country, out of the reach of the process of the court, and not expected to return. 8 East, 37. 3 Burr. 1514. 1 Black. Rep. 510.

3. Where the prisoner has been guilty of laches, or delay. 1 Black. Rep. 514.

4. Where the testimony expected goes to character only. 8 East, 34.

Formerly it was held, that an affidavit properly verified, of the absence of a material witness, has always deemed sufficient to postpone a trial; and without stating the facts such witness would be expected to prove. It was ruled to be sufficient in cases of treason, felony, and misdemeanors.

But courts of law have become a little more strict. The case of Mr. Charles Radcliffe, Foster, p. 40. is a leading one. The prisoner was charged with treason, and the postponement of the trial was refused, although the affidavit was in the usual form, and stated

NEW YORK,
Sept. 1822.

The People
vs.
Chas. Hettick

the witness was material.   The trial proceeded, and he was afterwards executed.

The following note, inserted between brackets, in Bac. Abr. Title Trial, vol. 6, letter H. p. 650. seems too full of good sense to pass unnoticed.   It lays down the rule.   Where there is *no cause of suspicion*, the affidavit should state :

1. That the witness is material.
2. That the prisoner has endeavoured to obtain his attendance.
3. That he is in hopes of procuring it.

But if there is *cause of suspicion* the court should be satisfied from *circumstances.*

1. That the witness is material.
2. That the prisoner has not been guilty of laches.
3. That he has a reasonable expectation to have his attendance, &c.   Vide. 3. Burr. 1514.  1 Black. Rep. 436.

The following cases in point, have been decided in this court, and the above rule has been fully recognized.

In John W. Brigham's case, City Hall Rec. Vol. 1. p. 30. the facts were these :  Bingham was indicted for a larceny, and made an affidavit in the common form, for the postponement of the trial.   The affidavit also stated that he expected to prove by the witness that he took the article, by mistake, for his own.   Counter-affidavits were admitted to show that the witness could not be material; they prevailed, and the prisoner was convicted and sentenced.

The case of Catharine Foote, Post, page—is also a case in point.   The prisoner was charged with keeping a disorderly house, of a peculiar kind, where young girls were seduced, &c.   She presented an affidavit to the court stating that a Captain ——, who has gone to Savannah, was a material witness, without whose testimony she could not safely go to trial, and that she expected to be able to procure his attendance at the next term.   The court refused the motion for a postponement, unless the prisoner would state the facts she expected to prove by Captain ——, which was not done, and the trial proceeded : she was convicted and sentenced to two years imprisonment.